Per Curiam.

Petitioners, being five corporations of common ownership operating nine restaurants Longchamps, instituted this proceeding under article 78 of the Civil Practice Act to review a determination of the State Liquor Authority canceling their liquor licenses for three alleged violations of the Alcoholic Beverage Control Law.
The first charge is that the licensees violated subdivision 5 of section 100 of the law in that they sold alcoholic beverages on credit. The second charge is a violation of subdivision 1 of section 100 and subdivision 3-b of section 102 in that petitioner Restaurants & Patisseries Longchamps, Inc. (hereinafter referred to as R & P L), the parent corporation, sold to the other corporations and the other corporations purchased from R & P L alcoholic beverages at wholesale without R & P L holding a wholesaler’s license. The third charge is a violation of subdivision 12 of section 10G, in that the licensees failed to keep books and records of the business at the licensed premises.
There is no dispute as to the facts on any of the charges.
(1) Admittedly it was the practice of the restaurants to extend credit to customers with established charge accounts for alcoholic beverages consumed as part of a charged meal.
(2) R & P L operated five of the restaurants involved. The other four corporations each operated a single restaurant. Purchasing for all nine restaurants was done by a common commissary conducted by R & P L. From a common warehouse deliveries were made to the separate restaurants. Billings for liquor delivered to the four restaurants operated by the four separate corporations were made by R & P L at its cost. The charge is that by so operating, R & P L was selling liquor at wholesale and the other four corporations were purchasing from R & P L liquor at wholesale.
(3) The restaurants, being conducted as a unit, had central bookkeeping. Separate and complete books were kept for each restaurant but at a central office rather than at the separate premises. At this central office the records were regularly inspected by the inspectors of the State Liquor Authority. There is no suggestion that the records were not readily and conveniently available to the inspectors or that they were not accurate in all respects.
*644 While the letter of the statute has been violated on all three counts, one cannot escape the conclusion that the violations in the last two respects are technical only.
B & P L is not conducting a wholesale business. The alleged wholesaling was only a method of operating a commissary for a chain of restaurants of identical interest and in substance and effect B & P L was a purchasing agent for all the restaurants rather than a seller in any ordinary sense.
The purpose of the section of the law requiring the keeping 'of books on the licensed premises is to assure the convenient availability of the books to inspectors of the Authority. The central bookkeeping in no way impeded inspection and probably facilitated inspection.
We have made this brief analysis of the second and third charges, sustaining them but believing that they could not have materially entered into the respondents’ determination of the penalty, in order to clear the way to a consideration of the one substantial violation involved in this case, the selling of alcoholic beverages on credit.
Petitioners contend that the statute does .not forbid the sale on credit of alcoholic beverages consumed as an incident to a meal and that construed in the light of its purpose it does not have that intention. Petitioners sought to adduce evidence, which was rejected by the hearing commissioner, to show that it had been the common practice for twelve years, to the knowledge of the Authority, for hotels and high-class restaurants to charge alcoholic beverages consumed as an incident to a charged nieal. This evidence was urged upon the commissioner as a matter of reasonable interpretation, practical construction and accepted administration of the statute, and also in mitigation of the offense, as tending to show an honest belief upon the part of petitioners and the hotel and restaurant business generally that the practice complained of was regarded as proper.
We agree with respondents that the statute is clear on its face and leaves no room for the construction urged by petitioners. The injunction of the statute, except for the specific exceptions contained therein, is against any sale of alcoholic beverages on credit. We also agree with respondents that the evidence offered by petitioners was not admissible in aid of construction of the statute. A business practice at variance with the law cannot vary the law.
We are of the opinion, however, that the evidence should have been received in mitigation of the offense and in consideration of the penalty to b.e imposed. Good faith ig not an excuse *645 for violation of the law but is a proper consideration as to the quantum of the penalty. While the penalty as such is not reviewable by us, we may and should see that any relevant evidence bearing on the penalty is received by an administrative agency. It is not for us to say that a consideration of this evidence should change the determination of the respondents, hut it is sufficient to direct the taking of the evidence that a consideration of the evidence might affect their determination.
We do not know what the evidence will disclose. We must assume for the purpose of considering the offer of proof that petitioners can show that it has been a common practice in the hotel and restaurant business for twelve years, with the knowledge of the Authority, for hotels and restaurants to charge alcoholic beverages under the circumstances involved in this case. We do not propose to define the significance of this evidence. We certainly do not want to he taken as enunciating any doctrine that violation of the law by others is an excuse or even mitigation for violation of the law by one. We cannot say, however, on the particular facts and circumstances here, and we do not go beyond the facts and circumstances of this particular case, that the good faith and honest belief of the petitioners as to the propriety of their practice may not be established by showing a common acceptance of that practice by the business community and by the Authority.
It is entirely proper regardless of the business practice of the community and long indulgence of the Authority for the Authority to enforce the law. There is no estoppel here. Our decision completely supports the Authority in its view of the law and in its sustaining the charges made. But penalties should always be fair and befit the offense and the circumstances. If the facts he as alleged in petitioners’ offer of proof, the Authority will necessarily have to consider whether its enforcement of the law, consistently with its action in this case, should take the course of revoking the licenses of all hotels and restaurants in a similar position, or whether under the circumstances there is a sound basis for singling petitioners out for the maximum penalty, or whether some amelioration should be made in the penalty in this case. Again, this does not mean that the Authority must soften its punishment of petitioners because of similar violations by others, but it does mean that considerations of fairness, public interest and public policy warrant the taking and consideration of the evidence offered by petitioners as bearing upon the penalty the Authority should impose in initiating an enforcement program *646 after what may he shown to be a long acquiescence in a common and accepted practice.
We do not suggest what the penalty should be in this case. We do believe that petitioners should have the opportunity to present and the Authority should have the opportunity to consider the evidence offered in connection with the penalty, and as it was not taken or considered and we cannot say that a different penalty might not have been imposed had the evidence been taken and considered, we are warranted in remitting the matter to the Authority to proceed in accordance with this opinion.
The determination should be annulled, without costs, and the proceeding remitted to the State Liquor Authority for further action in accordance with this opinion.